```
LAW OFFICES OF ROBERT P. SPRETNAK
Robert P. Spretnak, Esq. (Bar No. 5135)
8275 S. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123
Telephone: (702) 454-4900
Fax: (702) 938-1055
Email: bob @ spretnak.com

Attorney for Allison Welder
```

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ALLISON WELDER,<br><br>       Plaintiff,<br><br>vs.<br><br>UNIVERSITY OF SOUTHERN NEVADA,<br>a Nevada non-profit corporation;  and<br>RENEE COFFMAN,<br><br>       Defendants. | Case No.: 2:10-cv-01811-LRH-LRL<br><br>**STIPULATED DISCOVERY PLAN<br>AND SCHEDULING ORDER** |

## SPECIAL SCHEDULING REVIEW REQUESTED[1]

Plaintiff ALLISON WELDER and Defendants UNIVERSITY OF SOUTHERN NEVADA, a Nevada non-profit corporation; and RENEE COFFMAN, by and through their respective counsel of record, participated in the meeting required under Fed. R. Civ. P. 26(f), which was held on **December 6, 2010**. Pursuant to Fed. R. Civ. P. 26(f), the parties do hereby stipulate to the following discovery plan and scheduling order:

    1.    The initial disclosures to be made pursuant to Fed. R. Civ. 26(a)(1) shall be made by **December 20, 2010**, 14 days after the date that the parties held their initial meeting pursuant to Fed. R. Civ. P. 26(f).

---

[1] The only basis for requesting special review of this proposed Discovery Plan and Scheduling Order is the requested 240-day discovery period. The parties are jointly requesting an extended discovery period due to the number of claims set forth in the complaint, the anticipated volume of documentation that may be exchanged, and the number of witnesses who may be material to the claims and defenses at issue in this matter.

THE LAW OFFICES OF
ROBERT P. SPRETNAK
A PROFESSIONAL CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

Page 1 of  4

2. Unless otherwise limited by subsequent stipulations, the parties shall be allowed to conduct discovery to the full extent permitted under the Federal Rules of Civil Procedure.

3. The attorneys of record in this matter are registered for electronic filing with this Court. Any documents electronically filed with this Court are deemed to be sufficiently served on the other party as of the date that the document is electronically filed with this Court.

4. The parties agree to be bound by Fed. R. Evid. 502 regarding the disclosure of privileged material or work product. Further, the parties acknowledge and agree that while each is taking reasonable steps to identify and prevent disclosure of any document which they believe is privileged, given the volume and nature of material being exchanged, there is a possibility that certain privileged material may be produced inadvertently. Accordingly, the parties agree that a party who produces a document protected from disclosure by the attorney-client privilege, attorney-work product doctrine or any other recognized privilege ("privileged document") without intending to waive the claim of privilege associated with such document may promptly, meaning within fifteen (15) days after the producing party actually discovers that such inadvertent disclosure occurred, amend its discovery response and notify the other party that such document was inadvertently produced and should have been withheld. Once the producing party provides such notice to the requesting party, the requesting party must promptly, meaning within 72 hours, return the specified document(s) and any copies thereof. By complying with this obligation, the requesting party does not waive any right to challenge the assertion of privilege and request an order of the Court denying such privilege.

Pursuant to LR 26-1(e), the parties do hereby additionally stipulate to the following discovery plan and scheduling order:

1. <u>Discovery Cut-Off Date</u>: **July 14, 2011**, 240 days from the date that Defendant University of Southern Nevada filed its answer on November 16, 2010.

2. <u>Amending the Pleadings and Adding Parties</u>: All motions to amend the pleadings or to add parties shall be filed not later than **April 15, 2011**, 90 days prior to the scheduled close of discovery.

. . . .

1          3.      <u>Fed. R. Civ. P. 26(a)(2) Disclosures (Experts)</u>:  Disclosures concerning experts shall
2   be made by **May 16, 2011**, 60 days before the close of discovery.  Disclosures respecting rebuttal
3   experts shall be made by **June 15, 2011**, 30 days after the initial disclosure of experts.

4          4.      <u>Dispositive Motions</u>:  The date for filing dispositive motions shall be not later than
5   **August 15, 2011**, 30 days after the discovery cut-off date.  In the event that the discovery period is
6   extended from the discovery cut-off date set forth in this Stipulated Discovery Plan and Scheduling
7   Order, the date for filing dispositive motions shall be extended for the same duration, to be not later
8   than 30 days from the subsequent discovery cut-off date.

9          5.      <u>Pretrial Order</u>:  The date for filing the joint pretrial order shall be not later than
10  **September 14, 2011**, 30 days after the date set for filing dispositive motions.  In the event that
11  dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until 30
12  days after decision on the dispositive motions or until further order of the court.  In the further event
13  that the discovery period is extended from the discovery cut-off date set forth in this Stipulated
14  Discovery Plan and Scheduling Order, the date for filing the joint pretrial order shall be extended
15  in accordance with the time periods set forth in this paragraph.

16         6.      <u>E-Discovery</u>:  Pursuant to the electronic discovery amendments to the Federal Rules
17  of Civil Procedure, the parties addressed potential e-discovery issues pertaining to the format of the
18  discovery.  The parties do not anticipate that this case will require the inspection or production of
19  electronically stored information ("ESI") or native files or metadata at this time, but each reserves
20  the right to make a showing for the need of such electronic data as discovery progresses.  To the
21  extent a party requests ESI, the parties agree the ESI can be produced in paper format, or as an image
22  file (e.g., .pdf or .tif file format), unless otherwise specified.

23  . . . .
24  . . . .
25  . . . .
26  . . . .
27  . . . .
28  . . . .

THE LAW OFFICES OF
ROBERT P. SPRETNAK
A PROFESSIONAL CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

1      7.    <u>Fed. R. Civ. P. 26(a)(3) Disclosures</u>:  The disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections thereto, shall be included in the pretrial order.

DATED: December 9, 2010.

LAW OFFICES OF ROBERT P. SPRETNAK

By: /s/ Robert P. Spretnak
    Robert P. Spretnak, Esq. (Bar No. 5135)

Attorney for Plaintiff

8275 S. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123

DATED: December 9, 2010.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ Jill Garcia
    Jill Garcia, Esq. (Bar No. 7805)
    Christina M. Mallatt, Esq. (Bar No. 9112)

Attorneys for Defendants

3800 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169

IT IS SO ORDERED.

/s/ Leavitt
_____
UNITED STATES MAGISTRATE JUDGE

12-16-10

THE LAW OFFICES OF
ROBERT P. SPRETNAK
A PROFESSIONAL CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

Page 4 of  4